MARKOWSKI *v.* ORBAN.

1. DEEDS — DELIVERY — EVIDENCE — CANCELLATION — MENTAL COMPE-
   TENCY.
   In suit to cancel warranty deed by 59-year old grantor to his housekeeper because of claimed nondelivery, evidence *held,* to sustain finding of trial court that delivery had been made where it is conceded grantor was mentally competent at time deed was executed, shortly thereafter suffered a paralytic stroke, deed was recorded by grantee, grantor was adjudicated mentally incompetent and guardian commenced suit to set deed aside.

2. Insane Persons—Continuance of Incompetency.

An adjudication of mental incompetency does not establish irrebuttable continuance of incompetency.

.3. Witnesses—Mental Competency—Matters Equally Within Knowledge of Mental Incompetents.

Statute barring testimony of matters equally within knowledge of mentally incompetent persons does not provide that an adjudication of mental incompetency establishes the irrebuttable continuance thereof (3 Comp. Laws 1929, § 14219).

Appeal from Alpena; Smith (Fred P.), J. Submitted January 15, 1937. (Docket No. 6, Calendar No. 38,928.) Decided March 1, 1937.

Bill by John Markowski, as guardian of Frank Markowski, an incompetent person, against Mary Orban to set aside a deed. Cross-bill by defendant against plaintiff for an accounting, an injunction and other relief. From decree rendered, defendant appeals. Reversed and bill dismissed.

*Donald K. Gillard* and *A. W. Wilcox,* for plaintiff.

*Isadore Isackson,* for defendant.

Wiest, J. The bill herein was filed to cancel a warranty deed for claimed nondelivery. The court found delivery and there was evidence justifying the finding but the court, without evidence of such claim by either party, decreed that the deed should stand as a mortgage for the amount of the consideration stated therein and with right of redemption. Execution of the deed at a time when the grantor was mentally competent was conceded. Shortly after executing the deed the grantor suffered a paralytic stroke, was, by reason thereof, adjudged mentally incompetent, his son was appointed guardian and, as such, filed the bill.

Before commencement of this suit defendant had recorded the deed. Defendant was the grantor's housekeeper. At the time the deed was executed grantor was 59 years of age and fully capable of managing his own affairs. He lived in the city of Alpena but visited an attorney in Rogers City to have the deed prepared, and there executed the instrument. The deed conveyed a lot with two frame houses and a garage thereon in the city of Alpena, worth about $4,600, but subject to two mortgages amounting to $700.

The court applied the following provision of the statute to the offered testimony of defendant:

"Provided further, That when the testimony of any person would be barred in case of the death of any of the persons hereinbefore mentioned, it shall also be barred if such person shall have been adjudged to be and still is at the time of the trial insane or mentally incompetent, as to all matters, which, if true, must have been equally within his knowledge at a time when he was sane and mentally competent." 3 Comp. Laws 1929, § 14219.

The grantor had been adjudged mentally incompetent and there had been no discharge of that adjudication. At the time of the trial he was physically incapacitated but, in behalf of defendant, it was claimed that he was not in fact mentally incompetent at that time as evidenced by some attention he gave his affairs, inclusive of the execution of a power of attorney to his son to collect rents and to discharge defendant as housekeeper and his retention of ability to swear.

An adjudication of mental incompetency does not establish irrebuttable continuance thereof, and the mentioned statute so provides. This claim has been considered without finding the court in error in ap-

plying the bar of the statute and, besides, it is of little moment beyond showing the claimed actual money consideration rather than the amount stated in the deed.

The finding that the deed was delivered commanded dismissal of the bill.

The decree in the circuit court is reversed and a decree dismissing the bill will be entered in this court, with costs to defendant.

FEAD, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.